UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAROLINA CASUALTY INSURANCE COMPANY,**

    **Plaintiff,**

-vs-               Case No. 6:07-cv-1999-Orl-19DAB

**BOGIN, MUNNS & MUNNS, P.A.; RULON D. MUNNS; BRIAN D. FORBES; DANIEL N. BRODERSEN; RANIER F. MUNNS; BILLY F. GODFREY, JR.; TERENCE BRENNAN; NANCY BRANDT; S. I. VALBH; MARK CORNELIUS,**

    **Defendants.**

## ORDER

This case comes before the Court on the following:

1. Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) with Supporting Memorandum of Law by Plaintiff Carolina Casualty Insurance Company (Doc. No. 25, filed Mar. 17, 2008);

2. Response and Memorandum of Law in Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice by Defendants Bogin, Munns & Munns, Rulon D. Munns, Ranier F. Munns, Billy F. Godfrey Jr., Nancy Brandt, S.I. Valbh, and Mark Cornelius (Doc. No. 26, filed Apr. 1, 2008);

3. Motion for Leave to File a Reply Memorandum by Plaintiff (Doc. No. 27, filed Apr. 4, 2008);

4. Request for a Status Conference by Plaintiff (Doc. No. 28, filed June 6, 2008); and

> 5. Opposition to Plaintiff's Request for a Status Conference by Defendants Bogin, Munns & Munns, Rulon D. Munns, Ranier F. Munns, Billy F. Godfrey Jr., Nancy Brandt, S.I. Valbh, and Mark Cornelius (Doc. No. 29, filed June 11, 2008).

**Background**

Plaintiff Carolina Casualty Insurance Company brought this action for declaratory judgment and rescission of a professional liability insurance policy against Defendants Bogin, Munns & Munns, P.A.; Rulon D. Munns; Brian D. Forbes; Daniel D. Brodersen; Ranier F. Munns; Billy F. Godfrey Jr.; Terence Brennan; Nancy Brandt; S.I. Valbh; and Mark Cornelius. (Doc. No. 1, filed Dec. 18, 2007.) In its Complaint, Plaintiff alleges that the Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) (2006). (*Id.* at 2, ¶ 12.) Plaintiff claims to be an Iowa corporation with its principal place of business in Iowa and further avers that Defendants are all citizens of the State of Florida. (*Id.* at 1-2, ¶¶ 1-11.)

In the Answer filed by Bogin, Munns & Munns, P.A.; Rulon D. Munns; Ranier F. Munns; Billy F. Godfrey, Jr.; Nancy Brandt; S.I. Valbh; and Mark Cornelius (collectively, "the BMM Defendants"), these Defendants argue that Plaintiff is instead a Florida corporation with its principal place of business in Jacksonville, Florida. (Doc. No. 14 at 1, ¶ 1, filed Feb. 18, 2008.) Therefore, as an affirmative defense, the BMM Defendants assert that diversity of citizenship between the parties does not exist and that the Court lacks subject matter jurisdiction. (*Id.* at 7, ¶ 1.)

Plaintiff has since filed a Motion for voluntary dismissal without prejudice, requesting that each party bear its own attorneys' fees and costs. (Doc. No. 25 at 1.) Regarding the citizenship dispute, Plaintiff explains that it "re-domesticated from Florida to Iowa" on June 22, 2007, approximately six months prior to bringing this lawsuit. (*Id.* at 2, ¶ 6.) Nevertheless, Plaintiff states,

"to avoid all counsel spending unnecessary time and resources litigating the jurisdictional issue raised by the BMM Defendants, [Plaintiff] has decided to seek voluntary dismissal of this action without prejudice under Rule 41(a)(2), and then will re-file the case in Florida state court." (*Id.* at 3, ¶ 7.)

The BMM Defendants oppose this Motion in part, explaining:

> These Defendants have no objection to this matter being dismissed. As a condition to dismissal, however, these Defendants request that they be awarded fees and costs, or in the alternative, the Court enter an Order holding that as a condition of this matter being refiled in state court, that Carolina Casualty pay these Defendants' fees and costs in an amount established by this Court. Alternatively, if the Court at this time does not feel it has adequate factual information to address the request for fees and costs, it is requested that this matter not be dismissed until these Defendants can conduct discovery to demonstrate that the Plaintiff's claim of diversity of citizenship was patently false.

(Doc. No. 26 at 2.) Defendants Brian D. Forbes, Daniel N. Brodersen, and Terence Brennan have filed no responses to Plaintiff's Motion for voluntary dismissal.[1]

## Applicable Standards

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. A plaintiff may dismiss an action without an order of the court at any time before the adverse party has served an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1). If the adverse party has served an answer, dismissal is available to a plaintiff over the defendant's objection only upon order of the court and upon such terms and conditions as the court deems appropriate. Fed. R. Civ. P. 41(a)(2). Absent a contrary indication, dismissal under Rule 41(a)(1) or Rule 41(a)(2) is without

---

[1] Failure to oppose a motion raises an inference that the party does not object to such motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

prejudice. If the plaintiff later refiles the action, the court may order the plaintiff to pay to the adverse party all or part of the costs of the previous action. Fed. R. Civ. P. 41(d)(1).

## Analysis

The BMM Defendants do not object to voluntary dismissal of this case but do object to Plaintiff's request that each party bear its own fees and costs. (Doc. No. 26 at 2.)

Regarding costs, Plaintiff states, "The parties have not engaged in any discovery. No taxable costs have been incurred by Defendants." (Doc. No. 25 at 3, ¶ 9.) Plaintiff continues:

> Here, the interests of justice do not mandate that attorneys' fees and costs be imposed upon Plaintiff under Rule 41(a)(2). The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit imposition of curative conditions. Plaintiff has not engaged in vexatious litigation and is not attempting to re-file the case in state court in bad faith. As noted, the BMM Defendants have contested [Plaintiff's] allegations in the Complaint concerning its citizenship, and argue that this case should be dismissed for lack of diversity jurisdiction. [Plaintiff] disagrees with the BMM Defendants' characterization of its citizenship status and believes that this court does have subject matter jurisdiction. Proceedings regarding the jurisdictional issue could be lengthy and will only take up the resources of the Court and the parties. [Plaintiff] seeks a speedy resolution of this case on the merits, and therefore, in an effort to avoid the diversion concerning the issue of jurisdiction (which has no effect on the substantive issues in this case), [Plaintiff] has agreed to voluntarily dismiss this action without prejudice under Rule 41(a)(2) and will re-file this action in state court.

(*Id.* at 7-8.)

In response, the BMM Defendants argue first that "Defendants have the right to recover fees and costs because this action was improperly filed . . . ." (Doc. No. 26 at 8.) Secondly, these Defendants assert that they are entitled to recover their fees and costs under Section 627.428(1) of the Florida Statutes. (*Id.* at 8-9.) The Court will consider these two arguments in turn.

**I.      Propriety of Awarding Fees and Costs Under Federal Law**

The Eleventh Circuit Court of Appeals has explained that when exercising its discretion under Federal Rule of Civil Procedure 41, a district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. *McCants*, 781 F.2d at 860. A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on the condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. *Id.* However, where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit. *Id.*

This case has been pending for approximately six months. No discovery has taken place, and no dispositive motions have been filed. Plaintiff's counsel has represented to the Court that Plaintiff seeks to voluntarily dismiss the federal case and refile the action in state court in order to moot a contested jurisdictional issue and thus reduce litigation costs. (Doc. No. 25 at 7-9.) While the BMM Defendants vehemently argue that "Plaintiff's claim of diversity of citizenship was patently false," (Doc. No. 26 at 5), these Defendants nevertheless have offered nothing beyond mere speculation that

Plaintiff acted in bad faith when filing this case in federal court.[2] Defendants have also failed to offer any evidence or argument of Plaintiff's bad faith in moving for a voluntary dismissal.

This is not a case in which a plaintiff has moved to dismiss on the eve of trial after the opposing party has spent considerable resources defending the case. Since Plaintiff intends to pursue this action in state court, this is also not a case in which the parties' time spent researching and gathering information has been wasted. Thus, the equities in this case weigh in favor of requiring all parties to bear their own costs and attorneys' fees.

## II.  Propriety of Awarding Fees and Costs Under Florida Law

Section 627.428 of the Florida Statutes permits the awarding of attorneys' fees in certain instances:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any . . . insured . . . under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2008). Florida courts have found that an insurer's voluntary dismissal may entitle an insured to attorneys' fees if such dismissal is the "functional equivalent of a confession of judgment or verdict in favor of the insured." *E.g.*, *Coppola v. Federated Nat'l Ins. Co.*, 939 So.

---

[2] The BMM Defendants have suggested that "if this Court does not feel it has adequate proof at this point on the jurisdictional issues, [then the Court should] refuse to dismiss this action until adequate discovery can be conducted . . . so that these Defendants can demonstrate that this action was in fact clearly wrongfully filed in Federal court." (Doc. No. 26 at 5.) Given that Defendants are contending that they have unnecessarily wasted resources in this federal litigation, the Court is not inclined to permit Defendants to continue to expend resources through discovery.

2d 1171, 1173-74 (Fla. 4th DCA 2006) (quoting *Unterlack v. Westport Ins. Co.*, 901 So. 2d 387, 389 (Fla. 4th DCA 2005)). In such cases, the voluntary dismissal confers a benefit on the insured.[3]

This is not such a case. Here, Plaintiff seeks to dismiss the case and immediately refile the action in state court. A similar factual scenario was expressly contemplated by the *Coppola* court and distinguished as follows:

> We have also considered *O.A.G. Corp. v. Britamco Underwriters, Inc.*, 707 So.2d 785 (Fla. 3d DCA 1998), *receded from on other grounds*, *Caufield v. Cantele*, 837 So.2d 371 (Fla. 2002), but deem it distinguishable, in that it involved a voluntary dismissal of a declaratory action, followed by the insurer immediately filing a second declaratory lawsuit which was still pending; the court did not deny fees to the insured, but found that the insured had prematurely sought the fees.

*Id.* at 1173.

This Court will go one step further because the BMM Defendants are not merely premature in seeking fees; rather, they are not entitled to fees under the statute. Plaintiff's counsel has represented that Plaintiff has advanced and continues to advance defense costs to the BMM Defendants for the underlying malpractice lawsuit. (Doc. No. 25 at 4.) Plaintiff's counsel has also represented that it will continue to pursue its claims against these Defendants in state court. (*Id.* at 8.) The BMM Defendants did not challenge these assertions in their Response in opposition to Plaintiff's Motion for voluntary dismissal. (*See* Doc. No. 26.) Therefore, Plaintiff's voluntary dismissal does not confer any benefit of an adjudication of an issue in favor of the BMM Defendants.[4] Accordingly, these Defendants are not entitled to statutory attorneys' fees.

---

[3] For example, when a liability insurer voluntarily dismisses an action for a declaration of no coverage and subsequently defends the underlying suit, the insured receives the benefit of representation. *See Coppola*, 939 So. 2d at 1173-74.

[4] The BMM Defendants' position that they have "prevailed" on the jurisdictional issue is not well taken. (*See* Doc. No. 26 at 8-9.) Plaintiff seeks to avoid a costly (continued...)

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED**:

1. The Court **GRANTS** the Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) by Plaintiff (Doc. No. 25, filed Mar. 17, 2008). The case is **DISMISSED WITHOUT PREJUDICE**, all parties to bear their own fees and costs.

2. The Motion for Leave to File a Reply Memorandum by Plaintiff (Doc. No. 27, filed Apr. 4, 2008) is **DENIED AS MOOT**.

4. The Request for a Status Conference by Plaintiff (Doc. No. 28, filed June 6, 2008) is **DENIED AS MOOT**.

5. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June __13__, 2008.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record

---

[4](...continued)
adjudication of this issue and has not conceded that the Court lacks subject matter jurisdiction. (*See* Doc. No. 25 at 8.) Thus, the Eleventh Circuit case cited by the BMM Defendants is inapposite. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, No. 07-15290, 2008 WL 816663, at *2 (11th Cir. Mar. 27, 2008) (finding that an insured was entitled to statutory attorneys' fees since the case was dismissed for lack of subject matter jurisdiction).